**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Charbel Azzi,

Plaintiff,

v.

Dreamscape Flamingo Road Management, LLC; et al.,

Defendants.

Case No. 2:25-cv-02330-APG-DJA

**Order**

This is a tort action arising from Plaintiff Charbel Azzi's allegation that security personnel detained and forcibly removed him from Defendant Dreamscape Flamingo Management, LLC's Rio Hotel and Casino property. Plaintiff moves to amend his complaint to add the individual security officers with whom he interacted as Defendants (ECF No. 15) and moves to add a claim for negligent training, hiring, and supervision (ECF No. 33). Because the Court finds that Plaintiff did not brief the proper standard to add the new, potentially diversity-destroying Defendants, the Court denies Plaintiff's first motion, but does so without prejudice.[1] (ECF No. 15). Because the Court finds that Plaintiff has shown good cause to extend the deadline to amend in his second motion and that his amendment is otherwise appropriate under the liberal standards applicable to motions to amend, the Court grants Plaintiff's second motion to amend. (ECF No. 33). However, the Court will require Plaintiff to file an amended complaint that does not include the new Defendants he sought to add in his first motion.

[1] The undersigned magistrate judge issues this as an order and not a report and recommendation because he denies the motion without prejudice, and therefore does not effectively dispose of the claims Plaintiff proposes to bring. *See* 28 U.S.C. § 636(b)(1)(A); *see Bastidas v. Chappel*, 791 F.3d 1155, 1164 (9th Cir. 2015) (explaining that "to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought").

**I. Discussion.**

***A. Plaintiff's first motion to amend.***

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In a case in federal court on the basis of diversity jurisdiction, the addition of a diversity-destroying defendant would require remand. 28 U.S.C. § 1332(a); 28 U.S.C. § 1447(e); *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).

The permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, and within twenty-one days after service of a responsive pleading. However, "the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." *Khoshnood v. Bank of Am.*, CV 11–04551 AHM FFMX, 2012 WL 751919, at *1 (C.D. Cal. 2012); *see*, *e.g.*, *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1088 (C.D. Cal. 1999); *see also IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (recognizing that diversity-destroying amendments are analyzed under § 1447(e) and require higher scrutiny than does amendment generally). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). The district court has discretion to deny or permit joinder that destroys diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

When ruling on a motion that would destroy diversity jurisdiction, courts may consider the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court;

> (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Lieberman v. Wal–Mart Stores, Inc.*, No. 2:12-cv-1650-JCM-PAL, 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002)).

Plaintiff moves to amend his complaint to add the individual security officers who removed him from Defendant's property: Brandon Dudley, Melvin Johnson, Paulson Osoria, Robert Emerson, and Daniel S. Rokke (the "Individual Defendants"). (ECF No. 15). Defendant removed this action to federal court on the basis of diversity jurisdiction. (ECF No. 1). So, Plaintiff's proposed amendment, which Defendant argues would add diversity-destroying Defendants, would require remand if granted. As a result, the Court applies the analysis set forth in 28 U.S.C. § 1447(e). However, Plaintiff did not brief that standard or address whether the Individual Defendants he seeks to add would destroy diversity. And while Defendant points this out in response, Plaintiff did not file a reply. The Court declines to decide this issue where it has not been properly briefed and so denies Plaintiff's motion to amend to add the Individual Defendants without prejudice.

***B. Plaintiff's second motion to amend.***

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Plaintiff filed his second motion to amend (ECF No. 33) on June 11, 2026, after the January 23, 2026, deadline to amend had already passed (ECF No. 14). Plaintiff explains that this delay is justified because he was not aware of the existence of a possible negligent hiring, training, and supervision claim against Defendant until after he deposed Defendant's security personnel between March 17th and March 20th of 2026. (ECF No. 33 at 1). Plaintiff asserts that the answers to deposition questions revealed that security personnel did not understand their duties including when they could arrest someone, when they had to release them, how to properly read a trespass notice, how to handle a registered hotel guest, and how to maintain handcuffed detainees. (*Id.* at 3). In response, Defendant argues that Plaintiff could have raised his negligence claim at the outset, rather than needing to obtain the information through depositions, and so does not show good cause to extend the deadline. (ECF No. 36). Defendant asserts that Plaintiff only attempted to raise a negligence cause of action after Defendant objected to certain discovery on the basis that Plaintiff did not plead a negligence claim. (*Id.* at 4).

The Court finds Plaintiff's argument more persuasive. Plaintiff was reasonable in waiting to allege his negligence claim until he had the facts to support it. And Plaintiff has demonstrated that he learned those facts after the deadline. The Court therefore finds that Plaintiff has shown good cause to extend the amendment deadline. The Court also finds that Plaintiff's amendment is

appropriate under the liberal standards applicable to motions to amend. The Court thus grants Plaintiff's motion to amend. However, the proposed amended complaint that Plaintiff attaches to his motion incorporates the new Individual Defendants that he proposed to add in his first motion to amend. Because Plaintiff has not justified adding these new Individual Defendants, he must omit them from the amended complaint he files and serves pursuant to this order.

**IT IS THEREFORE ORDERED** that Plaintiff's first motion to amend (ECF No. 15) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's second motion to amend (ECF No. 33) is **granted.** Plaintiff must file and serve the amended complaint as required by LR 15-1, but that amended complaint must not include the Individual Defendants who Plaintiff sought to add through his first motion to amend.

DATED: July 30, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE